OPINION OP the COURT — BY the
Hon. JUDGE BLACK.
It Í3 insisted, in this case, that the court below erred in overruling the motion in arrest of judgment; which motion was predicated on two grounds t *350 1. — Because there are no damages laid in the declaration; 2. — Because the declaration is blank as to the sums due.
Caldwell for Plaintiff in error.
Gildart for defendant in error.
The general rule laid down is, that where the issue is such as to require proof of the facts imperfectly stated, or omitted in the declaration, and without proof of which the jury could not, on the trial, have given a verdict, nor the court render judgment, such defective' averment, or want of averment, with respect to those facts, shall bo aided by verdict — 1 Saunders, 22S. The distinction is between claims imperfectly stated, and where there appears no claim or title whatever, on the face of the declaration. In the latter instance, the defect is fatal. In this case, there is a claim or title imperfectly set forth; the plaintiff declares that the defendant is indebted to him for work and labor done and performed; but does not state what amount is due to him. The debt duo from the defendant to the plaintiff, founded on the consideration of work and labor done, is the duty claimed, but defectively set forth, in not having the amount affixed. The issue, (non assumpsit,) joined in this case, required proof of the amount of plaintiff’s demand on the trial; the omission todo which would have rendered it impossible for the jury to give a verdict, and the court a judgment. This would be the view in which the case would present itself, considered on general principles, without reference to decided cases. In the case of Diggs vs. Norris, 3 H. &M., 288, it was determined that the court will look to the writ, to supply the blank in the declaration, as to the damages; and in the case of Young vs. Hyde, 3 Mumford, 550, it was determined that a count for money had and received, will be good after verdict, although the sum received was loft blank, and, on the same principle, the case of Laughlin vs. Washington’s executors, 3 Mumford, 255, was determined. Judgment affirmed.
Judges Cage and Nicholson concurred.